IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-355-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WAUNITA WEINGART
2. JOHN PHILLIP GALLEGOS
3. **ALOIS CRAIG WEINGART**,

    Defendants

---

## PLEA AGREEMENT

    The United States of America (the government), by and through Linda Kaufman and Martha Paluch, Assistant United States Attorneys for the District of Colorado, and the defendant, Alois Craig Weingart, personally and by counsel, Paula M. Ray, of Paula M. Ray, P.C., submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I.  AGREEMENT

    This agreement is submitted to this Court for consideration pursuant to 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

    The defendant agrees to plead guilty to the one-count Information, which charges a violation of 18 U.S.C. § 1014, making a false statement to a bank. The defendant agrees that he is knowingly and voluntarily waiving his right to be indicted by a grand jury on this charge and agrees to execute a separate written waiver to that effect.

    The defendant further agrees to pay a $100.00 special assessment applicable to Count 1 of the Information at or before the time of sentencing.

Court's Exhibit

1

The government agrees that at the conclusion of the change of plea hearing, it will move to dismiss all of the charges in the Indictment against Defendant Alois Craig Weingart with prejudice. The government agrees not to file any additional charges against the defendant based on the information presently known to the United States Attorney's Office for the District of Colorado. The government agrees that it will recommend a sentence at the bottom of the applicable advisory guidelines sentencing range as determined by the parties, as set forth below. The parties agree that the defendant is free to argue for a downward variance.

The parties agree that the total restitution in this case is approximately $465,115.21.

At this time, the government is unaware of any evidence to support a finding that the defendant is a flight risk or a danger to himself or others. Absent changed circumstances, and for purposes of this plea, the government agrees not to seek immediate remand of the defendant at the conclusion of the change of plea hearing. The parties acknowledge, however, that any determination regarding remand are left to the Court's sound discretion.

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the government's performance of its obligations under this plea agreement, the defendant knowingly and voluntarily waives his right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, 2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upward, or (3) the Court determines that the guideline offense level is greater than 18, and imposes a sentence based upon that offense level determination. Except as

provided above, the defendant also knowingly and voluntarily waives his right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

1. Bank of America was an institution the accounts of which were insured by the Federal Deposit Insurance Corporation;

2. The defendant made a false statement to Bank of America as alleged in the information;

3. The defendant knew that the statement was false when he made it;

4. The defendant intended to influence the bank to loan him money.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 1014 is: not more than 360 months' imprisonment; not more than a $1,000,000 fine, or both; not more than 5

years' supervised release; a $100 special assessment fee; plus restitution.

If supervised release is imposed, a violation of any condition of supervised release may result in a separate prison sentence and additional supervision.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began is approximately January 18, 2008.

The parties agree as follows:

**Factual Basis:**

On January 18, 2008, the defendant, Alois Craig Weingart, obtained loans in the amounts of $417,000.00 and $32,000.00 from Bank of America to refinance his residence located at 7766 Saxeborough Dr., Castle Rock, Colorado. He owned that property jointly with Waunita R. Weingart, his wife. Bank of America was an institution the deposits of which were insured by the Federal Deposit Insurance Corporation.

In order to obtain the loans, the defendant caused an application to be submitted to the Bank of America. The application was a seven-page document which the defendant executed in Colorado on or about January 18, 2008. He signed and/or initialed each page of it.

Bank of America's underwriter based his decision to approve the loans on the statements made by the defendant on his application, and in particular, on the defendant's statement that his monthly employment income from his job at TCS was $20,000.00. In fact, and as the defendant well knew, he was not employed and had no income.

The defendant soon defaulted on both of the loans. Although defendant and Waunita Weingart had executed deeds of trust against their Saxeborough property in favor of Bank of America as security for these loans, the Saxeborough property was encumbered by prior liens. Bank of America was unable to recoup any of its loss through foreclosure on the property. As a result, Bank of America lost $465,115.21.

## VI. ADVISORY GUIDELINE COMPUTATION AND SECTION 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. §3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed

by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The base guideline is §1B1.1, with a base offense level of 7.

B. The loss was more than $400,000 but less than $1,000,000, warranting an upward adjustment of 14 pursuant to §2B1.1(b)(1)(H).

C. There are no victim-related, role-in-offense, obstruction, or multiple-count adjustments.

D. The adjusted offense level would therefore be 21.

E. The defendant should receive a 3-level downward adjustment pursuant to §3E1.1(b). The resulting offense level would therefore be 18.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on information currently available to the parties, it appears that the defendant has no criminal history, and therefore it is estimated that the defendant's criminal history category would be I.

G. The career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. The advisory guideline range resulting from these calculations is 27-33 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in

a range from 27 months (bottom of Category I) to 71 months (top of Category VI) under the guideline range calculated by the parties. The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

I. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $6,000 to $60,000.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is at least 2 years, but not more than 5 years.

K. Pursuant to § 5E1.1(a), the Court shall enter a restitution order in the full amount of the victims' losses, which the parties agree is approximately $465,115.21.

The parties agree that no departures from the Sentencing Guidelines are warranted.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. §3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the maximum period of 360 months established by the offense of conviction, regardless of any computation or position of any party on any 18 U.S.C. §3553 factor.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances,

express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 4-3-13

_____
Alois Craig Weingart
Defendant

Date: 4-3-2013

_____
Paula M. Ray
Attorney for Defendant

Date: 4/8/13

_____
Linda Kaufman
Assistant U.S. Attorney

Date: 4/8/13

_____
Martha Paluch
Assistant U.S. Attorney

2/15/13