IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00355-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     WAUNITA WEINGART,
2.     JOHN PHILLIP GALLEGOS,
**3.     ALOIS CRAIG WEINGART,**

_____

**DEFENDANT, ALOIS CRAIG WEINGART'S,
OBJECTIONS TO PRESENTENCE REPORT [Doc. No. 288]
AND MOTION FOR VARIANCE**

_____

       Defendant, Alois Craig Weingart, by counsel Paula M. Ray, pursuant to FED. R. CRIM. P. 32(f) and 18 U.S.C. § 3553(a), submits the following objections to presentence report and moves for a variance to 12 months and 1 day imprisonment, from the advisory sentencing range of 27 months, as follows:

<u>**INTRODUCTION**</u>

       April 8, 2013, Mr. Weingart pled guilty to a one-count Information charging a violation of 18 U.S.C. § 1014, making a false statement to a bank.  This charge derived from a loan that Mr. Weingart obtained from Bank of America in the amount of $ 465,000, for a home which he jointly owned with his wife and co-defendant Waunita Weingart.  A below guidelines sentence to **12 months and 1 day imprisonment** is sufficient but not greater than necessary punishment in this case considering Mr. Weingart's history and background, the need to provide just punishment, the need to afford adequate deterrence, the need to protect the public from further

crimes, and the costs of incarceration.  Finally, Mr. Weingart requests that he may self-surrender to the Bureau of Prisons upon designation.

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**Paragraph 81:**  appears to contain a typographical error.  The full amount of the loss is $465,115.12, as further supported by the Government's Objections to Presentence Report.  [Doc. No. 290]

**Paragraph 40:**  indicates that the Omni Eye Specialists report had not been submitted to probation at the time the Presentence Report was prepared.  Counsel has submitted that report via letter.  [Doc. No. 291]  Essentially, Mr. Weingart is blind in one eye and his physician believes that was due to "vascular occlusive process" which in lay terms is a stroke in the eye.

## MOTION FOR VARIANCE LEGAL ANALYSIS

The United States Sentencing Guidelines are advisory only.  *Kimbrough v. United States,* 552 U.S. 85, 90-91 (2007).  The key to sentencing is reasonableness.  *See e.g., Peugh v. United States,* ____U.S. ____, No. 12-62 slip op. at 5 (filed June 10, 2013); *Gall v. United States,* 552 U.S. 38, 46 (2007).  Under the "parsimony principle" the overriding determination is for the district court to craft a sentence that is "sufficient but not greater than necessary to comply with the purposes of criminal punishment" under 18 U.S.C. § 3553(a).  *United States v. Martinez-Barragan,* 545 F.3d 894, 904-05 (10th Cir. 2008).

Nor is a mathematical approach to sentencing acceptable:

> The mathematical approach also suffers from infirmities of application. On one side of the equation, deviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low, and a sentence of probation will always be a 100% departure regardless of whether the Guidelines range is 1 month or 100 years. Moreover, quantifying the variance as a certain percentage of the maximum, minimum, or median prison sentence recommended by the Guidelines gives no weight to the "substantial restriction of freedom" involved in a term of supervised release or probation.

*Gall, supra* at 47-48.  In *Gall's* case, the Supreme Court upheld a sentence of probation even though his guidelines calculation was 30 to 37 months.  *Id.* at 43.

The guidelines reflect a rough approximation of sentences that might achieve the objectives of § 3553(a).  *Rita v. United States,* 551 U.S. 338, 350 (2007).  And the sentencing court may take into consideration that the guidelines should not apply at all "because the Guideline sentence itself fails properly to reflect § 3553(a) considerations."  *Id.* at 351. Moreover, this Court may rely on factors disfavored by the guidelines.  *Gall, supra* at 59*; United States v Munoz-Nava,* 524 F.3d 1137, 1148 (10th Cir. 2008).

In determining a defendant's sentence, this Court is directed first to consider the advisory guideline range in deciding upon an appropriate sentence, and the range must be calculated correctly.  *Peugh, supra*; *United States v. Munoz-Nava,* 524 F.3d 1137, 1146 (10th Cir. 2008). Next the Court must consider the factors in 18 U.S.C. § 3553(a).  *Id.*  This includes imposition of a sentence sufficient but not greater than necessary to accomplish the goals of sentencing after considering:  (1) the nature of the offense and the history and characteristics of the defendant under § 3553(a)(1); (2) the need to provide just punishment under § 3553(a)(2)(A); (3) the need to afford adequate deterrence under § 3553(a)(2)(B); and (4) the need to protect the public from further crimes under § 3553(a)(2)(C).

Other statutory sections give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the limitation that the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation.  Under 18 U.S.C. § 3661 there is no limitation to be placed on the information concerning the background, character, and conduct of a defendant which a court may receive and consider for the purpose of imposing sentence.

This Court is free to apply any sentence that is "reasonable." *United States v. Smart,* 518 F.3d 800, 803 (10th Cir. 2008). Reasonableness is not judged by the mathematical precision in calculating the guidelines. *Id.* at 807. And there is no requirement to present "extraordinary" facts to support a variance. *Id.*

*Gall* and *Kimbrough* end the practice of permitting variances only in extraordinary circumstances. *Smart, supra* at 808. And, even though the Probation Department consistently recommends within guidelines sentences, there should be no expectation of a Guideline sentence under current law. *See Irizarry v. United States,* 553 U.S. 708, 713-14 (2008).[1]

## <u>JUSTIFICATION FOR VARIANCE</u>

**1.     History and Characteristics of the Defendant. 18 U.S.C. § 3553(a)(1).**

The court shall consider the history and characteristics of the defendant. Mr. Weingart is 60 years old. Under § 3553(a), age may be considered by this Court in sentencing. *See e.g., Gall v. United States,* 522 U.S. 38, 57 (2007)(affirming sentence of probation, in part, based on defendant's age); *United States v. Carter,* 538 F.3d 784, 791-92 (7th Cir. 2008)(affirming consideration of defendant's age, 61, in reduction of sentence); *United States v. Chase,* 560 F.3d 828, 831 (8th Cir. 2009)(defendant's advanced age and health may support variance); *United States v. Collins,* 122 F.3d 1297, 1307 (10th Cir. 1997)(age and physical condition acceptable in consideration of sentence pre *Rita* and *Gall); United States v. Gray,* 453 F.3d 1323, 1325 (11th Cir. 2006)(variance acceptable based on defendant's age, prior minimal criminal record, and medical condition).

---

[1] The Tenth Circuit has upheld a sentence of one year and one day, one year of home confinement and five years of supervised release, where the defendant was convicted of possession with intent to distribute 100 grams of heroin with a guideline range of 46-57 months. *See Munoz-Nava, supra* at 1149. The Tenth Circuit has also upheld a sentence of 240 months for a defendant who was involved with a methamphetamine ring despite a guideline range of 324-405 months. *United States v. Mendoza,* 543 F.3d 1186 (10th Cir. 2008).

Further, management problems with elderly inmates are intensified in prison to include: vulnerability to abuse and predation, difficulty in establishing social relationships, and accommodation for physical difficulties.  *See* Correctional Health Care, *Addressing the Needs of Elderly, Chronically Ill, and Terminally Ill Inmates,* U.S. Department of Justice National Institute of Corrections, 9-10 (2004).[2]  And first time offenders are "easy prey for more experienced predatory inmates."  *Id.* at 10.

Mr. Weingart is considered "elderly" by correctional standards.  He is also a first time offender.  Considering his age and other attributes, a 12 months and 1 day sentence is sufficient but not greater than necessary punishment.

**2.      The Need to Provide Just Punishment.  18 U.S.C. § 3553(a)(2)(A).**

The court shall consider the need to provide just punishment for the offense.  The proposed sentence not only takes into account time incarcerated, it also includes two to five years of supervised release.[3]  As explained in *Gall,* the guidelines have not given any weight to the substantial restriction of freedom of a term of supervised release.  *Gall, supra.*  The supervised release time will provide Mr. Weingart with time to become employed and endeavor to make restitution payments.  This should be considered when structuring Mr. Weingart's sentence.  *See also, United States v. Munoz-Nava, supra* at 1149.

**3.      The Need to Afford Adequate Deterrence.  18 U.S.C. § 3553(a)(2)(B).**

The court shall consider the need to afford adequate deterrence to criminal conduct.  Mr. Weingart believes that this case has deterred him from ever committing another crime again.

---

[2] This report defines "elderly" as aged 50 and older.
[3] Probation is recommending 5 years to allow Mr. Weingart time to make "significant payments towards his restitution.  PSIR at R-3.

**4.**     **The Need to Protect the Public from Further Crimes.  18 U.S.C. § 3553(a)(2)(C).**

The Sentencing Commission has found "recidivism rates decline relatively consistently as age increases" and defendants "over the age of forty . . . exhibit markedly lower rates of recidivism in comparison to younger defendants."  *See* U.S. Sentencing Comm'n, *Measuring Recidivism:  The Criminal History Computation of the Federal Sentencing Guidelines,* A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate at 12, 28 (2004), http://www.ussc.gov/publicat/Recidivism_General.pdf.  ("Recidivism rates decline relatively consistently as age increases," from 35.5% under age 21 to 9.5% over age 50).

Further, recidivism has been recognized as an acceptable factor in determining a reasonable sentence.  *See United States v. Carter,* 538 F.3d 784, 792(7th Cir. 2008)(affirming likelihood of recidivism as proper consideration in sentencing); *United States v. Collins,* 122 F.3d 1297, 1307 (10th Cir. 1997)(A 64 year-old defendant was properly given a downward departure pre *Gall* and *Rita*)  Considering his age in proportion to his likelihood of recidivism, 12 months and 1 day  imprisonment is sufficient punishment for Mr. Weingart.

**5.**     **Policy Factors Supporting a Below Guidelines Sentence—Cost of Incarceration.**

The court may vary from the guidelines solely on policy considerations to include disagreement with the guidelines.  *Kimbrough, supra.*  The Presentence Report estimates the cost of incarceration for Mr. Weingart to be $2,407.78 per month.  *See* PSIR at ¶ 77.  This does not take into account any medical problems.  Older prisoners constitute a large financial burden on the prison system.  Nora V. Demleitner, *Smart Public Policy: Replacing Imprisonment with Targeted Nonprison Sentences and Collateral Sanctions,* 58 Stan. L. Rev. 338, 351 (2005).

The United States incarcerates more of its population than any other country in the world. John Schmitt, Kris Warner, and Sarika Gupta, *The High Budgetary Cost of Incarceration,* CENTER FOR ECONOMIC AND POLICY RESEARCH at 1, 4 and 12 (2010).  (Attached)  Since 1980, incarceration rates grew out of proportion to the crime rates.  *See Id.* at 7-8.  And while rising incarceration rates have only somewhat reduced the crime rate, the impact is limited.  *Id.* at 9.

The cost of incarceration supports a sentence of 12 months and 1 day imprisonment for Mr. Weingart.

## SELF-SURRENDER TO BUREAU OF PRISONS

Mr. Weingart requests permission to self-surrender at the Federal Correctional Institute Englewood, Colorado, for service of his sentence, after he is designated by the Bureau of Prisons, in the event this Court sentences him to a term of imprisonment.

DATED this 17th day of June, 2013.

Respectfully submitted


s/  Paula M. Ray
Paula M. Ray, P.C.
P.O. Box 12554
Denver, CO  80212-0554
Telephone:  303-874-5170
Email:  paulamray@earthlink.net

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2013, I served a copy of the foregoing via

CM/ECF on all interested parties.


s/  Paula M. Ray
Law Office of Paula M. Ray