IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 11-cr-355-MSK-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   WAUNITA WEINGART
2.   JOHN PHILLIP GALLEGOS
3.   **ALOIS CRAIG WEINGART,**

    Defendants.

_____

**GOVERNMENT'S RESPONSE TO DEFENDANT ALOIS
CRAIG WEINGART'S MOTION FOR VARIANCE
(DOC. #294)**
_____

    The United States of America, by United States Attorney John F. Walsh and Assistant United States Attorneys Linda Kaufman and Martha Paluch, hereby responds to Defendant Alois Craig Weingart's Motion For Variance (Doc. #294). The government's position is that a downward variance is not warranted in this case, as explained below.

    In the plea agreement, the government agreed to recommend a sentence at the bottom of the applicable advisory guidelines sentencing range as determined by the parties. (Doc. #249, Page 2). The parties calculated the advisory guidelines range as 27-33 months. (*Id.* at Pages 6-7, ¶ H). The probation department also arrived at this same guidelines range. (PSR, Doc. #288, Page 11, ¶ 62). Accordingly, at defendant's July 8, 2013 sentencing hearing, the government intends to recommend a sentence of 27 months in prison, consistent with the plea agreement.

1

### *History and Characteristics of the Defendant*

Defendant argues that the Court should vary from a guidelines sentence in this case due in part to the fact he is 60 years old. (Doc. #294 at Pages 4 and 6). The defendant also presented to the Court documentation pertaining to his eye condition. While the government agrees with defendant that pursuant to 18 U.S.C. § 3553(a)(1), the Court may consider a defendant's "history and characteristics" to include age and medical condition, it disagrees that defendant's characteristics warrant the variance requested in this case.

First, the defendants in the cases cited by the defendant had significantly more serious and debilitating medical conditions than he. *See United States v. Chase*, 560 F.3d 828, 829 (8th Cir. 2009) (two prior back surgeries and substance abuse problems related to defendant's use of pain medication after a car accident); *United States v. Gray*, 453 F.3d 1323, 1324 (11th Cir. 2006) (heart condition and history of other health problems); *United States v. Collins*, 122 F.3d 1297, 1307 (10th Cir. 1997) (heart disease, high blood pressure, ulcers, arthritis, and prostatitis). The records produced by the defendant relating to the condition of his eye do not establish the degree of his impairment or the degree of medical treatment, if any, which would be required during his incarceration.

Second, although a defendant's advanced age may, in some cases, support a variance, it is the government's position that it does not in this case. There is simply no compelling reason to treat this defendant more favorably than other white collar defendants who defraud a lender of over $465,000 because he is now 60 years old. The government notes that the probation department, having met with the defendant, and being fully aware

2

of his age, declined to include his "advanced" age as a factor that should bear any weight in determining the sentence to be imposed under § 3553(a).

### *Cost of Incarceration*

Defendant argues that the Court should impose a variant sentence due in part to the cost of incarceration. The government's position is that the cost of incarceration is not an appropriate factor to be considered in determining whether a variant sentence should be imposed.

"Although sentencing courts are required to consider the sentencing factors set out in 18 U.S.C. § 3553(a), the cost of imprisonment is not among them." *United States v. Molina*, 563 F.3d 676, 678 (8th Cir. 2009) (citations omitted).  Indeed, it is not clear that sentencing courts "have the authority to impose lesser sentences based on the cost of imprisonment."  *Id.; see also United States v. Wong,* 127 F.3d 725, 728 (8th Cir. 1997) (holding pre-*Booker, Gall* and *Kimbrough* that "[t]he decision whether tax dollars should be used to pay for lengthy sentences is a congressional determination, not one to be made by federal courts").

The Ninth Circuit reached the same conclusion in *United States v. Tapia-Romero*, 523 F.3d 1125 (9th Cir. 2008).  There, the court held that neither § 3553(a)(2)(D), which requires courts to consider the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," or § 3553(a)(3), which requires courts to consider "the kinds of sentences available," allowed or required a court "to consider the cost of imprisonment in determining the appropriate length of a defendant's term of imprisonment."

3

*Id.* at 1127.

It is significant to note that when Congress has intended to include the cost of incarceration as a factor the courts should consider, it has done so very clearly, as it did in 18 U.S.C. § 3572. *Tapia-Romero*, 523 F.3d at 1128. This section provides in relevant part that "[i]n determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, *in addition to the factors set forth in Section 3553(a)* . . . (b) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence . . . . 18 U.S.C. § 3572(a), (a)(6)." *Id.* at 1127 (emphasis added). As that court reasoned, § 3572(a) "expressly incorporates the §3553(a) factors, but then finds it necessary to list additional factors for the court to consider, including the additional factor of the 'expected costs to the government of any imprisonment . . . .' 18 U.S.C. § 3572(a)(6)." *Tapia-Romero*, 523 F.3d at 1127-28. "If the cost of the defendant's imprisonment was a factor to consider under § 3553(a), it would not be necessary to add it as an additional factor in § 3572(a)." *Id.* at 1128.

## *Conclusion*

For these reasons, the government asserts that neither the defendant's characteristics nor the cost of incarceration warrants a variance in this case from a 27-month sentence to a sentence of 12 months and one day.

Respectfully submitted,

JOHN F. WALSH
United States Attorney


By: *s/ Martha A. Paluch*
Martha A. Paluch
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Martha.paluch@usdoj.gov


By: *s/ Linda Kaufman*
Linda Kaufman
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Linda.kaufman@usdoj.gov
Attorneys for Government

## **CERTIFICATE OF SERVICE**

I certify that on this 24th day of June, 2013, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT ALOIS CRAIG WEINGART'S MOTION FOR VARIANCE (DOC. #294)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Martin Adam Stuart
E-mail: martinstuartlaw@solucian.com

William Lewis Taylor
E-mail: wltaylorpc@gmail.com

Darlene Ann Bagley
E-mail: bagley@ridleylaw.com

Paula M. Ray
E-mail: paulamray@earthlnk.net

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Nicole D. Peterson - U.S. Probation Officer
E-mail: Nicole_Peterson@cod.uscourts.gov

By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant
United States Attorney's Office
1225 - 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0244
Fax: (303) 454-0402
E-mail: Solange.Reigel@usdoj.gov

6