IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  11-cr-00355-MSK

UNITED STATES OF AMERICA

    Plaintiff,

v.

ALOIS CRAIG WEINGART

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the Court for a detention hearing on August 30, 2013. Present were the following: Martha Paluch, Assistant United States Attorney, Paula Ray, counsel for the defendant, and the defendant. The Court carefully considered the entire court file and the comments of counsel.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 30th day of August, 2013.

By the Court:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

United States v. <u>Alois Craig Weingart</u>
Case Number <u>11-cr-00355-MSK</u>

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

This matter comes before the court on the government's motion for revocation pursuant to 18 U.S.C. § 3148(b). That statute provides that a judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is

> (A) probable cause to believe that the person has committed a Federal, State or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that –

> (A) based on the facts set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release

The Bail Reform Act, 18. U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

      (4)      the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the court file, and have considered the comments of counsel during the hearing on August 30, 2013. I specifically note that during that hearing, defense counsel stated that her client was not contesting the government request for revocation.

Weighing the statutory factors set forth at 18 U.S.C. § 3148(b) and 18 U.S.C, § 3142(g), I conclude that there is clear and convincing evidence that the defendant violated one or more conditions of release. Specifically, it appears to be uncontested that the defendant failed to appear as required for his scheduled sentencing on July 8, 2013. The defendant subsequently fled the District of Colorado. Based upon the defendant's failure to appear, a bench warrant was issued. The defendant subsequently was arrested on or about July 12, 2013 in the Southern District of California.

Weighing all of the information presently available to the court, I conclude that the defendant is either unwilling or unable to comply with all conditions of pretrial release, and therefore, the court will grant the government's motion to revoke bond.