IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00355-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     WAUNITA WEINGART,
2.     JOHN PHILLIP GALLEGOS,
3.     **ALOIS CRAIG WEINGART,**

**DEFENDANT, ALOIS CRAIG WEINGART'S,
OBJECTIONS TO PRESENTENCE REPORT AND ADDENDA
AND MOTION FOR VARIANCE [DOC. NOS. 341, 342, 343, 344]**

Defendant, Alois Craig Weingart, by counsel Paula M. Ray, pursuant to FED. R. CRIM. P. 32(f) and 18 U.S.C. § 3553(a), submits the following objections to presentence report and moves for a variance to 18 months imprisonment as follows:

**OBJECTIONS TO PRESENTENCE REPORT AND ADDENDA**

As explained in the Presentence Report ("PSI"), Mr. Weingart failed to appear at his scheduled sentencing on July 8, 2013, an arrest warrant was issued that day, and he was arrested 4 days later on July 12, 2013.  *See* PSI at page 1 Release Status.  The PSI adds an additional 2 level enhancement for Obstruction of Justice, under U.S.S.G. § 3C1.1.  *See* PSI at ¶ 24.  The PSI also denies Mr. Weingart the 3 level reduction for Acceptance of Responsibility, under § 3E1.1. *See* PSI at ¶ 26.  The additional 5 level increase almost doubles his guidelines calculation, prior to having missed his sentencing date.  Mr. Weingart objects to the Obstruction enhancement and the acceptance-of-responsibility reduction.

Both the obstruction enhancement under § 3E1.1 and the acceptance-of-responsibility reduction under § 3C1.1 should only apply in "extraordinary cases."  U.S.S.G. § 3C1.1 and Application Note 4 to § 3E1.1.[1]  *United States v. Melot,* Nos. 10-2121 and 11-2195, slip op. at 18 (10th Cir. Oct. 21, 2013); *United States v. Salazar-Samaniega,* 361 F.3d 1271, 1280 (10th Cir. 2004).  The test is:

> [I]n determining whether a case is "extraordinary" so as to merit both a § 3E1.1 reduction and a § 3C1.1 enhancement, the sentencing court must consider the totality of the circumstances, including, but not limited to 1) whether the obstruction of justice was an isolated incident or an on-going, systematic effort to obstruct the prosecution, and 2) whether defendant voluntarily terminated his obstructive conduct and truthfully admitted the conduct comprising the offense of conviction.

*Salazar-Samaniega, supra.*

This incident was isolated.  Mr. Weingart was a model pretrial defendant before.  Mr. Weingart admits that his decision was wrong and expects to pay a price for it.  The PSI gives no evidence that is extraordinary that would merit the 5 level increase in the ultimate guideline computation, from 18 to 23.

Mr. Weingart's lark in deciding to drive to San Diego just before his sentencing date was imprudent, but did not amount to not accepting responsibility for the crime to which he pled guilty.  He did not flee to Mexico or another country.  He was picked up within days of arriving in San Diego.  At no time did he lie about his actions in this case or offer excuses for his conduct.  Finally, Mr. Weingart was a model pretrial defendant prior to his travel to San Diego.  *See* PSI at ¶ 7.  This evidence supports not imposing the 5 level increase in the guidelines computation.

---

[1] Application Note 4 states:  Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.  There may, however, extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

>Mr. Weingart objects to ¶ 45 which states:
>
>The defendant reported first consuming alcohol at age 18.  He indicated that he currently consumes alcohol, usually wine, socially.  *According to the defendant's attorney, he had actually been consuming fairly significant quantities of alcohol prior to fleeing to San Diego, California.  She noted that a benefit of his current incarceration is that he is now sober.*

(emphasis added)  The purported statement by defense counsel creates an obvious conflict of interest.  Counsel has advised Mr. Weingart of this conflict and recommended that she withdraw from representation so that he can be represented by other counsel.  Mr. Weingart, however, is tired of having had this case hanging over his head for over two years and wants to get on with serving his sentence.  For this reason, he wants to waive any conflict and proceed to sentencing.

Mr. Weingart would ask this Court, however, to strike the part of paragraph 45 referencing defense counsel's purported statement, as well as the paragraph describing paragraph 45 in the Third Addendum to the Presentence Report.  *See* Third Addendum [Doc. No. 344]  The statement serves no purpose except to impugn defense counsel.  This is especially true since the PSI writer has not recommended the RDAP program and accepts that Mr. Weingart "does not have any significant history of substance abuse."  *See* PSI at ¶ 87.

Mr. Weingart also objects to the additional information in paragraph 49 about defendant's wife confirming that Mr. Weingart failed to advise probation of his alcohol consumption prior to fleeing San Diego.  She had no duty to advise probation in any event.  He requests that this statement be stricken from the PSI and the Third Addendum as it has no basis in fact and is apparently taken from defense counsel's purported statement.

## DEPARTURE FOR ABERRANT BEHAVIOR

Mr. Weingart's travel to San Diego was clearly aberrant behavior.  Under § 5K2.20 an aberrant behavior departure is acceptable where a defendant "committed a single criminal

- 3 -

occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." All of these circumstances apply here. This Court may ignore his aberrant behavior, in failing to appear at sentencing.

## MOTION FOR VARIANCE

The original Addendum to the PSI indicates that, "a sentence below the advisory guideline range may be warranted due to the defendant's age and health." *See* Addendum to PSI at A-2 [Doc. No. 298]  Mr. Weingart has requested a sentence of one year and one day as a sentence that is adequate under the circumstances of this case. *See* Defendant's Objections to Presentence Report and Motion for Variance. [Doc. No. 294]  This is based on Mr. Weingart's age and physical disability, the need to provide just punishment, to afford adequate deterrence, and the need to protect the public from further crimes. This Court may also consider policy factors, to include the cost of incarceration, in fashioning a sentence. *See Puegh* at 2080; Nora V. Demleitner, *Smart Public Policy: Replacing Imprisonment with Targeted Nonprison Sentences and Collateral Sanction,* 48 Stan. L. Rev. 338, 351 (2005).

Finally, it is not improper to consider co-defendant disparity in determining a sentence. *United States v. Rojas,* 521 F.3d 1203, 1210 (10th Cir. 2008). Mr. Gallegos received a sentence of one year and a day for his conduct which involved substantially more loss under the guidelines. A sentence of 18 months is sufficient but not greater than necessary punishment for this lark.

## CONCLUSION

For the above-stated reasons, Mr. Weingart respectfully requests a sentence of 18 months

- 4 -

as sufficient but not greater than necessary to achieve the purposes of punishment, deterrence, and protection of the public.

DATED this 23rd day of October, 2013.

Respectfully submitted

s/  Paula M. Ray
Paula M. Ray, P.C.
P.O. Box 12554
Denver, CO  80212-0554
Telephone:  303-874-5170
Email:  paulamray@earthlink.net

CERTIFICATE OF SERVICE

I hereby certify that on this 23d October, 2013, I served a copy of the foregoing via CM/ECF on all interested parties.

s/  Paula M. Ray
Law Office of Paula M. Ray