IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 11-cr-355-MSK-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    WAUNITA WEINGART
2.    JOHN PHILLIP GALLEGOS
**3.    ALOIS CRAIG WEINGART,**

    Defendants.
_____

### GOVERNMENT'S RESPONSE TO DEFENDANT ALOIS CRAIG WEINGART'S OBJECTIONS TO PRESENTENCE REPORT AND ADDENDA AND MOTION FOR VARIANCE (DOC. 346)
_____

The United States of America, by United States Attorney John F. Walsh and Assistant United States Attorneys Linda Kaufman and Martha Paluch, hereby responds to Defendant Alois Craig Weingart's Objections to Presentence Report and Addenda and Motion For Variance (Doc. 346).

### Government's Response to Defendant's Objections to Presentence Report and Addenda

The defendant objects to the Presentence Report's recommendation that he receive a two-level enhancement for obstruction of justice and be denied the three-level reduction for acceptance of responsibility as a result of his failure to appear at his July 8, 2013 sentencing hearing. Doc. 346 at 1-3.

In the plea agreement, the government agreed that no obstruction adjustment

1

applied in this case.  Doc. 249 at 6, ¶ VI. C.  The government also agreed that the defendant should receive a three-level downward adjustment for acceptance of responsibility, *id.* at ¶ VI. E, and filed a motion to that effect on July 8, 2013.  Doc. 304.  The government stands by those agreements.

The government also agreed to recommend a sentence at the bottom of the applicable advisory guidelines sentencing range as determined by the parties.  Doc. 249, Page 2.  The parties calculated the advisory guidelines range as 27-33 months.  *Id.* at Pages 6-7, ¶ H.  Accordingly, at defendant's October 29, 2013 sentencing hearing, the government will recommend a sentence of 27 months in prison.

### Government's Response to Defendant's Request for Aberrant Behavior Departure

Defendant argues that his failure to appear at his July 8, 2013 sentencing hearing amounts to aberrant behavior, rendering him eligible for a departure pursuant to USSG § 5K2.20.  Doc. 346 at 3-4.  However, an aberrant behavior departure under § 5K2.20 is premised on the offense of conviction, not uncharged conduct.  *United States v. Constantine,* 263 F.3d 1122, 1127 (10th Cir. 2001) ("the aberrant nature of a criminal defendant's *offense conduct* may properly be considered as a mitigating factor in a downward departure decision") (citation omitted and emphasis added); *United States v. Garcia,* 182 F.3d 1165, 1176 (10th Cir. 1999) (aberrant behavior departure pertains to "crime of conviction").  The defendant has not been convicted of any offense related to his failure to appear at his sentencing hearing.  Accordingly, defendant's request for a departure on this basis must be denied.

**Government's Response to Defendant's Motion for Variance**

In his most recent pleading, the defendant states his grounds for a variance. Doc. 346 at 4. The first paragraph of this section repeats the arguments he made in his original Objections to Presentence Report and Motion for Variance. Doc. 294. The government filed a response objecting to a variance on any and all of these grounds. Doc. 296. The government maintains that none of these grounds, viewed either individually or together, warrants the variance the defendant seeks.

The defendant then presents a new argument: that the Court should consider co-defendant disparity in determining an appropriate sentence, and cites to the sentence of one year and one day co-defendant John Gallegos received in this case. Doc. 346 at 4. While "it is not improper to consider co-defendant disparity, neither is it mandated." *United States v. Rojas*, 531 F.3d 1203, 1210 (10th Cir. 2008) (citation omitted). Here, this defendant and co-defendant Gallegos are not similarly situated. Defendant Gallegos received a variant sentence because he assisted the U.S. Marshals in finding his mother, co-defendant Waunita Weingart, and his step-father, co-defendant Alois Craig Weingart, after both Weingarts fled to California. *See* Doc. 339 (Gallegos Judgment) at 9. This mitigating factor is obviously not present with respect to Defendant Alois Craig Weingart.

Finally, the government takes issue with defendant's characterization of his failure to appear at his July 8, 2013 sentencing hearing as a "lark," and his suggestion that the Court simply "ignore" it. Doc. 346 at 4. The Court, Probation Officer, defense counsel, and government counsel were present in court and prepared for the

3

sentencing hearing on July 8, 2013. The Court's staff and U.S. Marshals' Deputies were present as well. The government also expended significant resources to locate and apprehend the defendant in California.

Title 18, United States Code, Section 3553(a), requires the Court to consider, *inter alia,* "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) . . . to promote respect for the law . . . ." Courts have routinely considered a defendant's failure to appear at a court appearance when fashioning a sentence sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a). *See United States v. Lopez-Hernandez*, 418 Fed. App'x 325, 326 (5th Cir. 2011) (district court properly considered defendant's failure to appear at trial when fashioning appropriate sentence under § 3553(a)); *United States v. Martinez-Quezada,* 345 Fed. App'x 222, 225 (9th Cir. 2009) (district court properly considered under § 3553(a) the fact the defendant "showed a lack of respect for the law and the courts as demonstrated by repeated failures to appear and outstanding warrants"); *United States v. Rogers,* 264 Fed. App'x 236, 239 (3rd Cir. 2008) (district court's sentence "was consistent with the factors set forth in § 3553(a)" when the court addressed the defendant's failure to appear at his sentencing hearing).

It is thus clearly appropriate for the Court to consider the defendant's failure to appear at his July 8, 2013 sentencing hearing when addressing the "nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and in fashioning a sentence which "promote[s] respect for the

law." § 3553(a)(2)(A).  The government submits that 27 months in prison, the bottom of the advisory guideline range as agreed upon by the parties in the plea agreement, is a sentence sufficient but not greater than necessary in this case.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: *s/ Martha A. Paluch*
Martha A. Paluch
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Martha.paluch@usdoj.gov

By: *s/ Linda Kaufman*
Linda Kaufman
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail: Linda.kaufman@usdoj.gov
Attorneys for Government

## CERTIFICATE OF SERVICE

I certify that on this 25th day of October, 2013, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT ALOIS CRAIG WEINGART'S OBJECTIONS TO PRESENTENCE REPORT AND ADDENDA AND MOTION FOR VARIANCE (DOC. 346)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record,

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Nicole D. Peterson - U.S. Probation Officer
E-mail: Nicole_Peterson@cod.uscourts.gov

By: *s/ Solange Reigel*
SOLANGE REIGEL
Legal Assistant
United States Attorney's Office
1225 - 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0244
Fax: (303) 454-0402
E-mail: Solange.Reigel@usdoj.gov