```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00355-MSK

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

ALOIS CRAIG WEINGART,

     Defendant.
_____

                         REPORTER'S TRANSCRIPT
                       (Sentencing Hearing:  Order)
_____

         Proceedings before the HONORABLE MARCIA S. KRIEGER,
Judge, United States District Court for the District of
Colorado, commencing at 10:02 a.m., on the 29th day of October,
2013, in Courtroom 901A, United States Courthouse, Denver,
Colorado.

                              APPEARANCES

         LINDA KAUFMAN and MARTHA PALUCH, Assistant U.S.
Attorneys, 1225 17th Street, Suite 700, Denver, Colorado,
80202, appearing for the Government.

         PAULA RAY, Attorney at Law, P.O. Box 12554, Denver,
Colorado, 80212-0554, appearing for the Defendant.



                    THERESE LINDBLOM, Official Reporter
                 901 19th Street, Denver, Colorado 80294
              Proceedings Reported by Mechanical Stenography
                    Transcription Produced via Computer
```

1           (The following proceedings were had and entered of
2  record after the Court heard the arguments of counsel and
3  statement of defendant:)
4           *THE COURT:*  Thank you.
5           Then I'll announce the sentence I intend to impose.
6  Of course, counsel, you'll have a final opportunity to make
7  legal objections before judgment is entered.  If you believe
8  that the sentence I describe is premised upon error or it
9  differs from what has been argued and I raise an issue you
10 haven't had adequate opportunity to consider, then I invite you
11 to request a continuance.
12          Imposition of a sentence in a federal criminal case is
13 governed by a number of statutes.  The umbrella statute is 18
14 U.S.C. Section 3553.  In imposing sentence in this case, the
15 Court has considered the objectives and factors that are set
16 forth in that statute.  I'm required to impose a sentence that
17 is sufficient but not greater than necessary to satisfy
18 particular objectives.  The sentence must reflect the
19 seriousness of the offense; promote respect for the law;
20 provide just punishment; adequately deter criminal conduct,
21 protect the public from further crimes by the defendant; and
22 provide the defendant with needed educational or vocational
23 training, medical care, or other correctional treatment in the
24 most effective manner.
25          To fashion a sentence that meets these objectives, the

1    statute directs me to consider a number of factors.  The nature
2    and circumstances of the offense; the history and
3    characteristics of the defendant; the kinds of sentences that
4    are available; the sentence prescribed by the federal
5    sentencing guidelines; the need to avoid unwarranted sentence
6    disparities among defendants with similar records found guilty
7    of similar conduct; and in the appropriate case, such as this,
8    the need for restitution.
9             At the beginning of this hearing, I identified a
10   number of documents that I had studied in preparation for the
11   hearing, confirmed that, indeed, the parties have had an
12   opportunity to review those.  The Government identified a
13   document filed late on Friday.  I took a recess and reviewed
14   that and am advised as to the Government's position.
15            I've inquired as to whether there is any dispute as to
16   the factual matters reflected in the most recent presentence
17   report, and the only objection concerned extra language in one
18   paragraph regarding statements purportedly made by defense
19   counsel.  Apparently these statements have taken on a life of
20   their own, and I have ordered them stricken from the
21   presentence report because they don't bear upon sentencing.
22   They have been of concern to the Government because they're
23   concerned that they create a conflict of interest, and I have
24   confirmed that to the extent there is a conflict of interest,
25   the defendant has waived that conflict and desired his attorney

1   to proceed today with sentencing.

2           With regard to the calculation under the guidelines,
3   both parties disagree with the calculation made by the
4   probation office in the most recent presentence investigation
5   report.  They disagree with the obstruction of justice
6   enhancement and the reduction from -- I should say, the
7   exclusion of the reduction for acceptance of responsibility.

8           We begin -- there really is no per se motion for a
9   downward departure.  Aberrant behavior, as noted by the
10  Government, is aberrant behavior in the defense conduct, not
11  aberrant behavior after the plea was taken.  But I understand
12  the defendant's argument to be that the failure to appear at
13  the original sentencing hearing was aberrant in the sense that
14  it was not consistent with prior behavior and that the
15  defendant argues that that should not be taken into account
16  with regard to imposition of sentence.

17          We begin with the calculation under the guidelines.
18  The most recent presentence report is dated October 18, 2013,
19  and it is the presentence report that includes an adjustment
20  for obstruction of justice and an -- the removal of an
21  adjustment for acceptance of responsibility.  Both of these are
22  premised upon the fact that Mr. Weingart did not appear at the
23  time of his sentencing, he violated the terms and conditions of
24  his presentence release, he fled to California and had to be
25  arrested and brought back here to Denver for purposes of

1  sentencing.
2          In some circumstances, there may be an adjustment for
3  obstruction of justice and removal of adjustment for acceptance
4  of responsibility under the guidelines.  I do not find them
5  warranted here in light of the fact that he is here before the
6  Court for purposes of sentencing at this time.  His flight can
7  be taken into account in the imposition of sentence, and the
8  removal of the acceptance of responsibility and the application
9  of an enhancement for obstruction of justice overstates the
10 seriousness of the behavior that purportedly is being
11 addressed.  That's reflected by the Government's position and
12 the defense position, in agreement, that the obstruction of
13 justice enhancement and the removal of the adjustment for
14 acceptance of responsibility not be applied as recommended in
15 the most recent presentence report.
16         The prior presentence report, I think, adequately and
17 properly calculates the recommended sentence under the
18 guidelines.  It's found at Docket No. 297.  And the calculation
19 is as follows:
20         The Base Offense Level for violation of 18 U.S.C.
21 Section 1041 is found at Section 2B1.1.  It's set at 7.  The
22 specific offense characteristics are related to the amount of
23 loss in accordance with Section 2B1.1.  Here, the loss exceeded
24 400,000; and as a consequence, there is a 14-level increase.
25 That results in an adjusted offense level of 21.  Then there is

1  a downward adjustment for acceptance of responsibility of three
2  levels, resulting in a Total Offense Level of 18.
3          The defendant has no criminal history points, no prior
4  convictions, and as a consequence, he falls into Criminal
5  History Category I.  With an offense level of 18 and a Criminal
6  History Category of I, the guidelines recommend a custodial
7  term of 27 to 33 months, supervised release of 2 to 5 years, a
8  fine of 6,000 to a million dollars, and a special assessment of
9  $100 because there was one count of conviction.  In addition,
10 the parties agree to a restitution amount of $447,748.37 to be
11 jointly and severally payable by Ms. Weingart and by the
12 defendant.
13         I've had an opportunity to consider the extensive
14 arguments that have been submitted in writing, multiple
15 responses to the presentence report, multiple responses to the
16 responses to the presentence report, and it's safe to say that
17 all of those arguments have been repeated today in open court.
18 Before me is a man who has benefited from a course of illegal
19 conduct that was initiated and controlled, probably created, by
20 his wife.  He's pled to a single count in an Information of
21 making a false statement to a lending institution.  There is no
22 suggestion that he was coerced, that he was deceived, that he
23 didn't know what he was doing; and the fact that he fled and
24 did not appear at the time of his sentencing confirms that.
25         Mr. Weingart is not a victim.  He doesn't see himself

1   as a victim.  And as to this count, I believe he is as culpable
2   as anyone else engaged in similar conduct.  I see no reason to
3   impose a downward variance.  The fact that he didn't appear at
4   the prior sentencing hearing bumps him in my mind from the
5   bottom end of the guideline range, because it indicates that
6   when faced with responsibility, he doesn't exercise it.  And
7   that bears upon a -- the importance of respect for the law and
8   a need to protect the public from further crimes by the
9   defendant.  The offense was serious, and just punishment in my
10  view is a guideline sentence.
11          I intend to impose a guideline sentence of 30 months
12  of incarceration to be followed by 3 years of supervised
13  release.  I see no reason for 5 years.  I find that the
14  defendant lacks the ability to pay a fine, and that given the
15  significance of the amount of restitution, it would impair his
16  ability to pay a fine, and, therefore, I do not intend to
17  impose one.
18          I intend to impose a special assessment of $100, which
19  is required by statute, and to order that the defendant pay
20  restitution in the agreed amount.  And for the same reason that
21  I'm not imposing a fine, I do not intend to impose interest on
22  the restitution amount.
23          Because there is a restitution amount, I intend to
24  impose special conditions of supervision that are designed to
25  assist in the defendant applying as much of his

1  post-incarceration earnings as practicable to the restitution
2  sum.
3           Any need for clarification, further explanation,
4  objection or request for a continuance?
5           *MS. PALUCH:*  No, Your Honor.
6           *MS. RAY:*  No, Your Honor.
7           *THE COURT:*  Then I find that the sentence that I have
8  just described is the sentence that conforms with 18 U.S.C.
9  Section 3553, it is sufficient but not greater than necessary
10 to satisfy the sentencing objectives.  Pursuant to the
11 Sentencing Reform Act of 1984, it is the judgment of the Court
12 that the defendant, Alois Craig Weingart, be committed to the
13 custody of the Bureau of Prisons to be imprisoned for a term of
14 30 months.
15          Upon release from imprisonment, he'll be placed on
16 supervised release for a term of 3 years.  Within 72 hours of
17 release from the custody of the Bureau of Prisons, he'll report
18 in person to the probation office in the district to which he
19 is released.  While on supervised release, he will not commit
20 another federal, state, or local crime; he'll not possess a
21 firearm as defined in 18 U.S.C. Section 921; he'll comply with
22 the standard conditions that have been adopted by the Court.  I
23 waive the mandatory drug testing provisions of 18 U.S.C.
24 Section 3583(d) because the presentence report does not
25 indicate a significant risk of future substance abuse.  He

1   will, however, cooperate in the collection of DNA as directed
2   by the probation officer.
3           And I find that given the restitution sum, that there
4   are a number of special conditions of supervision which are
5   reasonably related to the factors enumerated in Section 3553(a)
6   and 3583(d).
7           Within 60 days of release from confinement, the
8   defendant will meet with the probation officer to develop a
9   plan for payment of restitution.  The plan will be based upon
10  the defendant's income and expenses.  The plan will be
11  forwarded to the Court for review and approval.  This plan will
12  be reviewed quarterly by the probation officer and the
13  defendant, and the defendant will submit to the probation
14  officer any requested information with regard to his income and
15  his expenses that would bear upon his ability to make payments
16  under the plan.
17          He will not incur new credit charges or open
18  additional lines of credit or obtain loans of any type without
19  the approval of the probation officer, and such approval will
20  not be given so long as he is not in compliance with the
21  periodic payment schedule.  He will apply any moneys he
22  receives from income tax refunds, lottery winnings,
23  inheritances, judgments, and any anticipated or unexpected
24  financial gains to the restitution obligation.  The restitution
25  obligation is $447,748.37.  It will not bear interest.

1   Payments will be made to the registry of the court and
2   disbursed to Bank of America when the account balance reaches
3   $1,000.  The address for disbursal is reflected in the
4   presentence report.  The restitution obligation will be joint
5   and several with Waunita Weingart.  No fine is imposed for the
6   reasons specified.  There is, however, a special assessment of
7   $100 that is mandated by statute; and that obligation is due
8   and payable immediately.
9           Mr. Weingart, I advise you that if you have a right
10  remaining under the terms of your plea agreement to appeal your
11  sentence, you must exercise that right within 14 days.  You do
12  so by filing a notice of appeal.  Now, ordinarily, Ms. Ray
13  would file that notice of appeal for you.  But if for some
14  reason she's unable or unwilling to do so, you may request and
15  I'll direct the Clerk of Court to file a notice of appeal on
16  your behalf.  If no notice of appeal is filed within the 14-day
17  period, you will have waived your right to appeal.
18          Is there any further business to bring before the
19  Court?
20          *MS. PALUCH:*  Not for the Government, Your Honor.
21  Thank you.
22          *MS. RAY:*  Nothing from the defense, Your Honor.
23          *THE COURT:*  All right.  Thank you.
24          Thank you to our government attorneys, to Ms. Paluch
25  and Ms. Kaufman, and to Ms. Ray, to our probation officers, our

1  court staff, and our marshal staff.  Mr. Weingart will be
2  remanded to the care and custody of the United States Marshal
3  Service, and we'll stand in recess.
4           (Recess at 10:52 a.m.)
5                    REPORTER'S CERTIFICATE
6
7      I certify that the foregoing is a correct transcript from
   the record of proceedings in the above-entitled matter.
8
9      Dated at Denver, Colorado, this 30th day of October,
10 2013.
11                                s/Therese Lindblom
12                         _____
                           Therese Lindblom,CSR,RMR,CRR
13
14
15
16
17
18
19
20
21
22
23
24
25